Filed  07/20/26

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03095

| **Princess Montpelier v. Southern Vermont Medical Center, Inc., et al** |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment; Motion motion & email; for Requesting Expeditious Resolution (Motion: 19; 24)
Filer:          Princess C. Montpelier; Princess C. Montpelier
Filed Date:     April 19, 2026; July 08, 2026

Plaintiff, Princess Montpelier, has filed a *Motion for Summary Judgement* (Motion 19) and a *Motion for Expeditious Resolution* (Motion 24).  For the following reasons, Motion 19 is denied and Motion 24 is moot.  The case shall be set for a pre-trial conference to discuss the logistics of proceeding to trial on the merits.

### Background

This case is a tort case.  A tort case happens when someone asserts that they have been harmed and seeks damages from the other person or business who they believe is responsible for their harm.  To succeed in a tort case, the person who alleges harm must prove that the person they filed their complaint against caused the harm and the harmed person should receive compensation.  This proof may be made at trial.  This proof may also be presented before trial in a motion for summary judgment.  In all cases, the proof of the facts of the case must be present before judgment may be entered.

Before the court now is a third motion for summary judgment.  The first two had been denied because Ms. Montpelier did not follow the requirements for a summary judgment motion written in Vermont Rule of Civil Procedure 56.  Specifically, Ms. Montpelier filed two motions, complete with her arguments as to what she believes Defendants, Southern Vermont Medical Center and Tom Dee, owe her, based on an event where she alleges that her phone went missing.  Ms. Montpelier did not file a separate document informing the Defendants or the court what happened, the order in which it happened, and any specific cost associated with her missing phone.  See V.R.C.P. 56(c)(1) ("A moving party asserting that a fact cannot genuinely be disputed must support the assertion by filing a separate and concise statement of undisputed material facts consisting of numbered paragraphs[.]").

In each of Ms. Montpelier's motions, she has argued that the facts cannot be disputed.  However, she did not state separately from her arguments what those undisputed facts were in the required document.  This statement of facts cannot be made in the motion for summary judgment itself.  The moving party, Ms. Montpelier, was required, by that "must" in Rule 56, to file on a separate page, or pages, a numbered list of undisputed facts.  After each point in the list, the moving party must state where in the documents filed with the court a person may find

corroboration of that fact. See V.R.C.P. 56(c)(1) ("[C]onsisting of numbered paragraphs with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible materials."). The list of facts must contain enough information for the court to be able to state when issuing summary judgment who is involved in the case, how they are involved in the case, what happened and what is the verifiable harm. Without this list of undisputed facts, the motion must be denied, as the facts of the case are unstated and the court has no legally supported basis to grant the motion.

After the first two denials, Ms. Montpelier filed a new motion for summary judgment. Defendants filed an objection. Each successive motion by Ms. Montpelier has shown effort to correct the errors identified in the previous motions. In the current motion Ms. Montpelier bases her arguments on concrete factual assertions. However, Ms. Montpelier did not cure the fatal error of not filing a separate statement of undisputed material facts. For the court to treat the motion for summary judgment itself as a list of undisputed facts would result in the court's having to disregard Ms. Montpelier's arguments. See V.R.C.P. 61; *Concord Gen. Mut. Ins. Co. v. Madore*, 2005 VT 70, ¶ 8, 178 Vt. 281. Therefore, the court must treat this third motion as another motion for summary judgment which was not filed with the required separate list of facts. Defendants based the main argument of their objection on this issue.

Ms. Montpelier has now filed a new motion, which requests that the court issue its decision on the summary judgment motion expeditiously. Because the court must follow the Vermont Rules of Civil Procedure as written and construed by the Vermont Supreme Court, the court must deny this third motion for summary judgment.

**Analysis**

Repeatedly reviewing and denying the same motion for the same reason wastes the parties' and court's time and resources. Given the three successive motions for summary judgment, Ms. Montpelier has shown that she believes she will succeed in her case if she can sufficiently present her case. Ms. Montpelier is unrepresented. Rule 56 has specific requirements to which all parties must adhere to bypass trial and obtain judgment directly. These requirements are difficult to meet even for people and attorneys who have experience filing these motions. The court understands the difficulty but still must hold the parties to these requirements. See *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

Some cases are impossible to resolve through summary judgment, often due to the requirement in Rule 56 to show the court the undisputed facts. See, e.g., *Stamp Tech, Inc. ex rel Blair v. Ludall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 21, 186 Vt. 369. Summary judgment is, in many ways, a more difficult judgment to obtain than judgment after trial. See, e.g., *State v. Heritage Realty of Vt.*, 137 Vt. 425, 428 (1979) ("[I]f there is a genuine issue as to any material fact, a trial is absolutely necessary."). "The function of a summary judgment is to avoid a useless trial, but a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact." *Sykas v. Kearns*, 135 Vt. 610, 612 (1978) (internal quotation omitted). This is now the third attempt at summary judgment on these issues, it would be a waste

of time and resources to allow a fourth, if what is needed to determine the factual issues is a trial. Denial of the motion does not prevent Ms. Montpelier from presenting her facts to the court at the trial.

## Order

Motion 19 is denied. Motion 24 is moot.

The matter shall be set for pre-trial conference to discuss and determine the logistics of a trial on the merits.

**Signed electronically July 17, 2026 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**